UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

\* \* \* \* \* \*\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*\*\*\*

| | |
|---|---|
| In Re:                           \* | Chapter 7 |
|     Michael J. Moody             \* | Case No. 07-11186-JMD |
|                              \* | |
|                              \* | Hearing Date: 4/29/2009 |
|                              \* | Hearing Time: 11:00 a.m. |
|     Debtor                        \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*\*\*\*

## CHAPTER 7 TRUSTEE'S MOTION TO APPROVE COMPROMISE AND SETTLEMENT OF PERSONAL INJURY ACTION

Steven M. Notinger, Chapter 7 Trustee ("Trustee") moves pursuant to 11 U.S.C. §105, and Federal Bankruptcy Rules 9019(a) for approval of a settlement reached between the Trustee, the Debtor and the defendant, Chester Barnes in a certain personal injury claim of the Debtor (the "Claim"). In support thereof the Trustee states as follows:

1. Michael J. Moody (the "Debtor") filed a Chapter 7 petition on June 7, 2007 (the "Petition Date") and Steven M. Notinger is the duly appointed Chapter 7 Trustee.

2. Debtor schedules list the pre-petition personal injury claim arising out of an automobile accident in which the Debtor and Mr. Chester Barnes were involved (the "Claim"). The Debtor suffered injuries as a result of that accident.

3. Mr. Barnes was insured by United Services Automobile Association (USAA) at the time of the accident.

4. Prior to the petition date, Shaheen & Gordon, on behalf of the Debtor, made a claim against Mr. Barnes and USAA.

5. Subsequent to the Petition Date, the Trustee filed an application to employ Shaheen & Gordon to continue to pursue a settlement with USAA. By Court order dated February 19, 2008, the Trustee was authorized to employ Shaheen & Gordon, P.A., as Special Litigation counsel.

6. Pending Bankruptcy Court approval, the parties have agreed to settle the Claim for a total of $30,000.00 (the "Settlement Proceeds").

7. The Trustee and the Debtor also entered into negotiations regarding the disposition of the Settlement Proceeds. The Debtor and the Trustee have agreed to split the net proceeds, (net after 1/3 legal fees and expenses and any outstanding healthcare bills and liens), 50/50. Payment to the Debtor will satisfy any personal exemption in the Lawsuit and has given the Debtor incentive to pursue the case for the estate. A detailed itemization of the proposed disbursements from the settlement proceeds is attached hereto as Exhibit A. A summary of the same is as follows:

| | | |
|---|---|---|
| Gross Proceeds: | | $ 30,000.00 |
| Legal fees (1/3) | | $ 10,000.00 |
| Legal Exp. | | $ 154.93 |
| Medical Bills | | $ 80.40 |
| Healthcare lien | | $ 3,237.36 |
| Net Settlement Proceeds | | $ 16,527.31 |
| Trustee | 50% | $ 8,263.65 |
| Debtor | 50% | $ 8,263.66 |

8. Pursuant to the settlement the Trustee and the Debtor have agreed to execute general releases in the form attached hereto as Exhibit B, releasing USAA and Chester Barnes from any and all claims regarding the pre-petition incident that gave rise to the Claim. The Trustee requests authorization from the Court to execute the release on behalf of the Estate.

9. The Trustee has agreed to compromise on a 50/50 basis under the facts and circumstances of this case because : (1) the Debtor's participation post-petition was necessary for the Claim to have any value for the estate; and (2) The Debtor would likely be entitled to a partial exemption in the Lawsuit proceeds anyway.

10. The Trustee believes that the 50/50 split of the net proceeds is in the best interests of the estate for at least the following reasons: (1) it gives both the Debtor and the Trustee sufficient incentive to obtain the maximum value for the Claim, which they believe they have done; and (2) it provides the fastest and most cost-efficient resolution of the issues between the Debtor and the Trustee regarding the Claim while providing certainty of recovery for the estate and the Debtors.

11. The Trustee believes that the settlement of the Claim for $30,000.00 is fair and equitable and in the best interests of creditors and the estate since it: (1) avoids expensive litigation and subsequent collection; (2) avoids the attorneys fees and other trial expenses associated with litigating a personal injury suit, including expert witness fees; (3) eliminates the risks inherent in trying a case; and (4) will result in a quick resolution and substantial payment to the estate now. See Jeffrey v. Desmond, 70 F.3d 183 (1st Cir. 1995) (court listed following factors relevant in approving compromise: (1) probability of success in litigation; (2) collection difficulties; (3) complexity, expense, inconvenience and delay involved; and (4) interest of creditors).

WHEREFORE, Steven M. Notinger, Chapter 7 Trustee Respectfully Requests this Court:

A. Approve this settlement;

B. Authorize the Trustee to execute the releases (attached hereto as Exhibit B) on behalf of the bankruptcy estate;

C. Authorize the Trustee to pay Shaheen & Gordon, P.A. $10,000.00 in fees and $154.93 in expenses, a total of $10,154.93, and the medical liens/expenses listed on Exhibit A from the net settlement proceeds;

D. Authorize the distribution of 50% of the net Settlement Proceeds ($8,263.66) to the Debtor forthwith; and

E. Grant such other and further relief as this Court deems just and equitable.

Respectfully Submitted,

Steven M. Notinger, Chapter 7 Trustee

| | |
|---|---|
| <u>March 24, 2009</u><br>dated | <u>/s/ Steven M. Notinger</u><br>Steven M. Notinger<br>547 Amherst Street, Ste 204<br>Nashua NH 03063<br>603-886-7266 |